UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEMOND MIMMS, | ) Case No. CV 14-96 DMG(JC) |
| Plaintiff, | ) MEMORANDUM OPINION AND<br>) ORDER DISMISSING ACTION |
| v. | ) |
| BETHINA LOBIANCO, et al., | ) |
| Defendants. | ) |

On January 13, 2014, plaintiff, Demond Mimms ("plaintiff"), who is at liberty, is proceeding *pro se* and has been granted leave to proceed *in forma pauperis*, filed a Civil Rights Complaint ("Complaint") pursuant to 42 U.S.C. § 1983 ("Section 1983") against Los Angeles County Probation Officers Bethina Lobianco and Nate Tyler, Los Angeles County, and the Los Angeles County Probation Department (collectively "defendants").

As plaintiff is proceeding *in forma pauperis*, the assigned Magistrate Judge screened the Complaint prior to ordering service on defendants, to determine if the Complaint fails to state a claim on which relief may be granted or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B).

///

On January 21, 2014, the Magistrate Judge issued an order (the "January Order") advising plaintiff that the Complaint was deficient for reasons described in the January Order and affording plaintiff an opportunity to file a First Amended Complaint within fourteen (14) days, *i.e.*, by February 4, 2014, if he wished to proceed with this action.[1]  The January Order further expressly advised plaintiff that the failure timely to file a First Amended Complaint may result in the dismissal of this action with or without prejudice on the grounds set forth in the January Order and/or for failure diligently to prosecute.  To date, although the foregoing deadline has expired, plaintiff has failed to file a First Amended Complaint or to seek an extension of time to do so.

In light of the foregoing, on February 12, 2014, the Magistrate Judge issued an Order to Show Cause ("OSC") directing plaintiff, by February 26, 2014, to show cause in writing why this action should not be dismissed based upon the deficiencies in the Complaint identified in the January Order and/or based upon plaintiff's failure to prosecute.  The OSC expressly cautioned plaintiff that the failure timely to comply with the OSC and/or to show good cause would result in the dismissal of this action based upon the deficiencies identified in the January Order, plaintiff's failure to prosecute, and/or plaintiff's failure to comply with the OSC.  To date, plaintiff has failed to file a response to the OSC, and the deadline to do so has now expired.

It is well-established that a district court has authority to dismiss a plaintiff's action because of his failure to prosecute or to comply with court orders.  See Fed.

---

[1] Specifically, the Magistrate Judge advised plaintiff, albeit in greater detail and with citation to multiple authorities, that plaintiff failed to state a cognizable Section 1983 claim and that his claims were barred by Heck v. Humphrey, 512 U.S. 477, 486-87 (1994), because success in the instant case would necessarily imply the invalidity of any incarceration plaintiff faced related to revocation of post-release community supervision and the conditions of plaintiff's subsequent term of probation, but the Complaint did not allege that such incarceration and term of probation had been invalidated.

1 | R. Civ. P. 41(b); Link v. Wabash Railroad Co., 370 U.S. 626, 629-30 (1962); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir.), cert. denied, 506 U.S. 915 (1992).  In determining whether to dismiss an action for failure to prosecute or failure to comply with court orders, a district court must consider several factors:  (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.  See In re Eisen, 31 F.3d 1447, 1451 (9th Cir. 1994) (failure to prosecute); Ferdik, 963 F.2d at 1260-61 (failure to comply with court orders).

The Court finds that the first two factors – the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket, weigh in favor of dismissal.  The Court cannot hold this case in abeyance indefinitely awaiting plaintiff's response to the Court's directives.  The third factor, risk of prejudice to defendants, also weighs in favor of dismissal since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action.  Anderson v. Air West, Inc., 542 F.2d 522, 524 (9th Cir. 1976).  The fourth factor, the public policy favoring disposition of cases on their merits, is greatly outweighed by the factors in favor of dismissal discussed herein.  Finally, as plaintiff has already been cautioned of the consequences of his failure to prosecute and his failure to comply with the OSC, has been afforded the opportunity to do so, and has not responded, no sanction lesser than dismissal without prejudice is feasible.

IT IS THEREFORE ORDERED that this action is dismissed based upon plaintiff's failure to prosecute and failure to comply with the OSC.

IT IS SO ORDERED.

DATED:  March 20, 2014

_____
DOLLY M. GEE
UNITED STATES DISTRICT JUDGE